# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD BATTERMAN, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-0138 |
| | : | |
| CHRISTOPHER MALLIOS, | : | |
| *Defendant*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                 **January 18, 2024**

*Pro se* plaintiff Chad Batterman filed this civil action pursuant to 42 U.S.C. § 1983, asserting constitutional claims against a single Defendant, Christopher Mallios, a judge for the Philadelphia County Court of Common Pleas.[1]  Batterman also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Batterman leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Batterman listed both Christopher Mallios and Judge Christopher Mallios in the area of the form Complaint where he was instructed to provide information for each named defendant.  These separately listed individuals appear to be the same person, with the same address and contact information.  The only distinction is that Batterman checked off the box for individual capacity with respect to Christopher Mallios, and he checked off the box for official capacity with respect to Judge Christopher Mallios.  (*See* Compl. (ECF No. 2) at 2.)

I[2]

Batterman's claims are based on Judge Mallios's actions and decisions when he presided over a highly litigated custody case between Batterman and his separated wife, Silvia Santo.[3] *See, e.g., Batterman v. Santo*, 292 A.3d 1083 (Pa. Super. Ct. 2023), *reargument denied* (Feb. 28, 2023), *appeal denied,* No. 147 MAL 2023, 2023 WL 3142446 (Pa. Apr. 28, 2023).  Judge Mallios is sued in his individual and official capacities, and Batterman avers that the events giving rise to his claims occurred at the Philadelphia County Courthouse on various dates and times between April 2018 and December 2023.[4]  (Compl. at 4, 7.)

Batterman contends that Judge Mallios has denied his constitutional rights on several occasions.  (*Id.* at 7.)  He asserts that Judge Mallios's acts were not a general function normally performed by a judge, and he acted "so far outside of his authority" that he was not acting as a judge at all.  (*Id.* at 7-8.)  Specifically, Batterman avers that Judge Mallios acted as a "prosecutor/counsel or advocate" by making objections on

---

[2] The facts set forth in this Memorandum are taken from Batterman's Complaint, which consists of the Court's form complaint and a typewritten portion.  The Court will consider the entire submission to constitute the Complaint, and adopt the continuous pagination assigned to the Complaint by the CM/ECF docketing system.

[3] Batterman uses the terms "separated" and "ex-wife" when referring to Santo in his Complaint.

[4] This is not the first time Batterman sued a state court judge who presided over his child custody case.  On June 23, 2023, Batterman filed a civil action pursuant to 42 U.S.C. § 1983 asserting claims against Henry Hilles, III, a judge for the Montgomery County Court of Common Pleas, alleging, *inter alia*, that Judge Hilles violated his constitutional rights and acted "so far outside of his authority" that he was not acting as a judge at all.  *See Batterman v. Hilles*, No. 23-2431, 2023 WL 5208487, at *1 (E.D. Pa. Aug. 14, 2023).  The Court determined that because all of Batterman's allegations pertained to acts Judge Hilles took in his judicial capacity, Batterman's claims were barred by absolute judicial immunity.  *Id.* at *3.

behalf of Batterman's separated wife and by questioning and cross-examining Batterman during custody proceedings. (*Id.* at 8.) Batterman asserts that Judge Mallios also elicited testimony from Santo in order "to advocate and act as counsel for [his] separated wife." (*Id.*) He also contends that Judge Mallios delayed scheduling and conducting hearings with respect to Batterman's filings, but "instantly schedule[d] hearings for [his] ex-wife" whenever she filed similar petitions. (*Id.* at 10.) Batterman further contends Judge Mallios barred him from objecting, refused to rule on his objections, denied him the right to have witnesses testify and submit exhibits into the record, and refused to change venue. (*Id.* at 9, 10.) Judge Mallios also allegedly refused to grant Batterman's "several" requests for continuances and directed the "Court Clerk/Prothonotary to reject any continuance requests submitted by [Batterman]." (*Id.* at 10.)

Batterman claims Judge Mallios modified custody at contempt hearings in order to find Batterman in contempt even when there was no pending petition to modify custody. (*Id.* at 8.) Batterman further contends that Judge Mallios issued emergency orders suspending Batterman's custody of his children without the legal authority to do so and awarded his ex-wife "compensatory time with [their] children" even though she did not request it. (*Id.* at 8, 9.) Also, with respect to his appeal to the Pennsylvania Superior Court, Batterman contends Judge Mallios "willfully lied and misrepresented the facts" and refused to provide testimony and exhibits to the Superior Court. (*Id.* at 9.)

Batterman asserts Judge Mallios "falsely imprisoned [him]," committed him to prison as a civil contempt sanction, and issued excessive fines despite knowing

3

Batterman did not have the ability to pay them. (*Id.* at 8-9.) He claims that Judge Mallios "drug tested [him] without merit." (*Id.* at 10.) Batterman further contends he was denied the right to counsel, denied the right to confer with counsel, and forced to testify in open court about confidential and private information that he is "protected from disclosing under HIPAA." (*Id.* at 9.) Batterman avers he's been denied "the right to practice his religion with [his] children" and that Judge Mallios "has been religiously insulting." (*Id.*)

Batterman contends Judge Mallios's conduct was deliberate, outrageous, and "intolerable in our society." (*Id.* at 5.) He claims Judge Mallios's "outrageous acts" have caused him severe emotional and physical distress, humiliation, and anguish. (*Id.*) Batterman has experienced severe headaches, palpitations, sleeplessness, nausea, tiredness, chest and stomach pains, and an irregular heartbeat. (*Id.*) Based on his allegations, Batterman seeks a declaratory judgment and the expungement of Judge Mallios's "unconstitutional orders." (*Id.*) He also seeks Judge Mallios's recusal and requests that the judge "be barred from ever presiding over any case in Court involving [Batterman]." (*Id.*) Batterman also seeks monetary and punitive damages.

II

The Court grants Batterman leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d

236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Batterman is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Batterman alleges Judge Mallios violated his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Compl. at 3.) He seeks declaratory judgment, monetary and punitive damages, as well as the expungement of Judge Mallios's "unconstitutional orders."[5] (*Id.* at 5.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under

---

[5] Batterman appears to request the Court to intervene in the child custody dispute in state court, which the Court declines to do. To the extent the child custody proceedings have concluded in a manner adverse to Batterman, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final judgments of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). It is not clear whether the rulings of which Batterman complains are "final judgments" for purposes of *Rooker-Feldman*, so the Court cannot say at this time that Batterman is pursuing an improper appeal of a state court judgment under the *Rooker-Feldman* doctrine. *See Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 458-61 (3d Cir. 2019).

color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Batterman has not stated a plausible § 1983 claim against Judge Mallios.

Batterman's claims are barred by absolute judicial immunity.  As Batterman has been previously advised, *see Batterman*, 2023 WL 5208487, at *3, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (citations omitted).  Moreover, "[i]mmunity will not be forfeited because a judge has committed 'grave procedural errors,' or because a judge has conducted a proceeding in an 'informal and *ex parte*' manner', . . . [or] because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769 (citations omitted).  A judge will be subject to liability only "when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57).  "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Batterman's claims pertain to Judge Mallios's rule in Batterman's custody and/or contempt proceedings.  Judge Mallios presided over hearings, made rulings as to

6

the admissibility of evidence at those hearings, and issued orders with respect to several petitions. All of the Complaint's allegations about Judge Mallios concern acts that he took in his judicial capacity and there are no alleged facts suggesting Judge Mallios acted in the absence of all jurisdiction.[6]

---

[6] Batterman also seeks to bring his claims against Judge Mallios in his official capacity. (Compl. at 2.) Any official capacity claims against Judge Mallios are really claims brought against the Commonwealth of Pennsylvania because Judges of the Court of Common Pleas are considered officials of the Commonwealth. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Pennsylvania's courts are arms of the Commonwealth that share in the Commonwealth's Eleventh Amendment immunity, and, as such, are not considered "persons" subject to liability under § 1983. *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will v. Michigan State Police*, 491 U.S. 58, 70 (1989)); *Benn*, 426 F.3d at 241 (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment); *Van Tassel v. Lawrence Cnty. Domestic Relations Section*, 659 F. Supp. 2d 672, 693-96 (W.D. Pa. 2009), *aff'd*, 390 F. App'x 201 (2010) (recognizing that Pennsylvania common pleas judges are entitled to Eleventh Amendment immunity with respect to official capacity claims). Accordingly, Batterman's official capacity claims will be dismissed with prejudice as legally baseless. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 56 (3d Cir. 2016) (dismissing appeal as baseless when district court, among other things, dismissed plaintiff's claim against the Commonwealth on grounds of Eleventh Amendment immunity pursuant to §§ 1915(e)(2)(B)(i) and (ii)); *Smith v. Delaware*, 624 F. App'x 788, 791 (3d Cir. 2015) (*per curiam*) (concluding that district court correctly dismissed complaint as frivolous, including on Eleventh Amendment grounds).

Batterman also asserts that his rights pursuant to the Health Insurance Portability and Accountability Act **("HIPAA")** were violated. However, that statute does not provide for a federal private right of action. *See Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011); *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks,* 470 F.3d 569 (5th Cir. 2006); *Altavilla v. Geisinger Wyoming Valley Med. Ctr.*, No. 17-1704, 2018 WL 1630961, at *2 (M.D. Pa. Mar. 12, 2018), *report and recommendation adopted,* 2018 WL 1629870 (M.D. Pa. Apr. 4, 2018) ("'The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA compliant, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens.'" (quoting *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013)).

IV

For the foregoing reasons, the Court will grant Batterman leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**